# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE:    THOMAS ANTHONY ESTOCK,<br>Debtor | Case No. 09-28627-DSK<br>Chapter 7 |

| | |
|---|---|
| **WELLS FARGO BANK NA** | **MOVANT** |
| vs. | |
| **THOMAS ANTHONY ESTOCK, Debtor; and**<br>**LYNDA TEEMS, Trustee** | **RESPONDENTS** |

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY PROVISIONS OF THE BANKRUPTCY CODE AND TO REQUIRE THE TRUSTEE TO ABANDON INTEREST IN COLLATERAL

Comes now Wells Fargo Bank NA, by and through its attorneys, Wilson & Associates, P.L.L.C., and for its Motion for Relief from the Automatic Stay Provisions of the Bankruptcy Code and to Require the Trustee to Abandon Interest in Collateral, states:

1.    It is the servicer of the deed of trust and deed of trust note originally executed by Thomas A Estock and Linda M Hensley on October 27, 2006, securing payment in the principal sum of $235,125.00 to Patriot Bank.  This deed of trust covers the real property located at 961 Munford Avenue, Munford, Tennessee 38058**,** said real property being more particularly described as follows:

> Beginning at a stake in the N.W. corner of a 4 acre lot owned by J.H. and Mattie Woodbury, thence southwardly 144 yards to a stake and along the west line of said Woodbury; thence Westwardly 36 yards to a stake; thence Northwardly 144 yards to a stake on the edge of the Munford-Atoka Road; thence eastwardly 36 yards to the point of beginning, containing ONE ACRE as nearly as can be determined.

A copy of the deed of trust and deed of trust note are attached hereto and incorporated herein.

2.    The Debtor herein is currently in default under said deed of trust and deed of trust note by virtue of the Debtor's failure to make the full regular monthly installment payments thereon.

3.    The Debtor has defaulted in the terms of the agreement between the parties and there is an approximate outstanding total balance due and owing on this obligation of $255,231.28, and the

obligation is in arrears for the installment which was due on April 1, 2009 in the sum of $1,670.38, and subsequent installments which were due on the first day of each month thereafter.

4. As recited above, the Debtor has wholly failed to make payments to Movant on a regular basis, as provided in the deed of trust and deed of trust note. This failure constitutes a material default, which entitles Movant to relief pursuant to 11 U.S.C. §362(d)(1).

5. There is no reasonable likelihood that the Debtor can keep the payments current under the deed of trust note herein. Further, Movant is entitled to relief from the operation of the automatic stay pursuant to 11 U.S.C. §362(d) for the reason that the interest of Movant in the property referred to above will not be adequately protected if the stay is allowed to remain in full force and effect, and the Debtor is unable to demonstrate any reasonable likelihood that Debtor will be able to make payments to Movant as required to keep the collateral from deteriorating.

6. The Debtor has failed to provide Movant with adequate protection of its interest in the property by failing to maintain the deed of trust note payments to Movant. Therefore, the Court should grant Movant relief from the automatic stay to enable Movant to foreclose against and liquidate the property and, if appropriate, to file an unsecured claim in this Chapter 7 proceeding.

7. Movant would allege and aver that there is no real equity in the collateral; that it is, therefore, burdensome to the estate; that it is entitled to relief from the automatic stay provisions of 11 U.S.C. §362(a); and that it is entitled to have the Trustee abandon its interest in and to the collateral pursuant to the provisions of 11 U.S.C. §554.

8. Movant would allege and aver that this is a core proceeding pursuant to the provisions of 28 U.S.C. §157(b)(2) and the Bankruptcy Rules.

9. Movant requests that Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure not apply in this case, thus permitting it to immediately enforce and implement an order granting relief from the automatic stay.

WHEREFORE, Movant prays:

A.     That this Honorable Court set a hearing on this Motion.

B.     That upon a hearing on this Motion that it be granted relief from the automatic stay provisions of 11 U.S.C. §362(a) and that pursuant to 11 U.S.C. §554, the Trustee be required to abandon its interest in and to the collateral pledged to the Movant.

C.     That Movant have such other and further relief, both general and specific, to which it may be entitled in the premises, including, but not limited to, a reasonable fee for the services of its attorney.

> Respectfully Submitted,
>
> WILSON & ASSOCIATES, P.L.L.C.
> 5050 Poplar, Suite 115
> Memphis, Tennessee 38157
> (901) 578-9914
>
> By:    /s/ Joel W. Giddens
>        Joel W. Giddens (16700)
>        James Bergstrom (20622)
>        Kimberly D. Burnette (88077)
>
>        Attorneys for Movant

## CERTIFICATE OF SERVICE

On 3/2/10 a copy of the foregoing was served via electronic mail, upon the parties listed below.

| | |
|---|---|
| Laura L. Sanford | Lynda Teems |
| Attorney at Law | Trustee |
| 9043 Barret Road | 40 South Main, Suite 2300 |
| Barretville, TN  38053 | Memphis, TN  38103 |

Kimberly D. Burnette
Joel W. Giddens
James Bergstrom
WILSON & ASSOCIATES, P.L.L.C.
5050 Poplar, Suite 115
Memphis, Tennessee  38157

/s/ Joel W. Giddens
Kimberly D. Burnette (88077)
Joel W. Giddens (16700)
James Bergstrom (20622)
WILSON & ASSOCIATES, P.L.L.C.
5050 Poplar, Suite 115
Memphis, Tennessee  38157
(901) 578-9914

**NAMES AND ADDRESSES OF INDIVIDUALS SERVED VIA U.S. MAIL:**

Thomas Anthony Estock
Debtor(s)
961 Munford Avenue
Munford, TN  38058

W&A No. 717-170357 / Loan No. xxxxxx6946